**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**FORT SMITH DIVISION**

**LEROY ANDERSON** **PLAINTIFF**

**v.** **Case No. 2:26-CV-02003-DCF**

**MATT PRICE, *et al.*** **DEFENDANTS**

**ORDER**

In a Report and Recommendation dated February 25, 2026, the Honorable Mark E. Ford, United States Magistrate Judge, recommended that Plaintiff's case be stayed pending resolution of his current state criminal case per the *Younger* abstention. (Doc. 7). Plaintiff thereafter filed a Civil Rights Complaint (Doc. 8), Objections to Report and Recommendation (Doc. 9), and Supplemental Complaint (Doc. 10). After a *de novo* review, the Court concludes that the Report and Recommendation should be adopted and Plaintiff's objections overruled. For the reasons given below, the Report and Recommendation is ADOPTED IN ITS ENTIRETY as this Court's findings, Plaintiff's objections are OVERRULED, and this case is STAYED AND ADMINISTRATIVELY TERMINATED.

**I. BACKGROUND**

Plaintiff Leroy Anderson, proceeding *pro se*, brings a civil rights action against individuals involved a traffic stop and subsequent prosecution that

occurred in Crawford County, Arkansas, on July 31, 2025. (Doc. 2, Complaint). Plaintiff names as Defendants the following persons: Arkansas State Trooper Matt Price, Crawford County Judge Marc R. McCune, Crawford County Prosecuting Attorney Kevin Holmes, Crawford County Circuit Clerk Sharon Blount-Baker, and Sheriff of Crawford County, Arkansas, [sic] Lewis Walker. (*Id.*).

According to the Complaint, Plaintiff was stopped for an alleged traffic violation for which Trooper Price "refused to articulate reasonable suspicion." (*Id.* at 2). Complying with all commands and producing identification, Plaintiff declined to consent to a search of the vehicle. (*Id.*). Trooper Price then deployed a K-9 unit which Plaintiff contends did not alert to the presence of contraband. (*Id.*). Trooper Price searched the vehicle, arrested Plaintiff, and seized the vehicle, phone, clothing, and $8,500 in cash. (*Id.*). Plaintiff asserts that the alleged drug quantity used to support his arrest "was escalated from 12 pounds to 25 pounds and less than 100 pounds." (*Id.*). He filed a motion "seeking relief from unsupported charge escalation and lack of evidence." (*Id.*). Plaintiff asserts that the state court "failed and refused to docket, hear, or rule upon the filing" despite Plaintiff filing a "Notice of Non-Action / Demand for Ruling." (*Id.*).

The state court case arising from the facts alleged in Plaintiff's Complaint

charges Plaintiff with a Class B felony possession of a controlled substance, Class D felony possession of drug paraphernalia, and a traffic violation for following too closely in the Circuit Court, Division I, of Crawford County, Arkansas. (*State v. Leroy Anderson*, 17CR-25-450). That case is set for jury trial on February 8, 2027. (*Id.*).

## II. DISCUSSION

Pursuant to *Younger v. Harris*, 401 U.S. 37 (1971), federal courts are required to abstain from hearing cases when "(1) there is an ongoing state judicial proceeding which (2) implicates important state interests, and when (3) that proceeding affords an adequate opportunity to raise the federal questions presented." *Norwood v. Dickey*, 409 F.3d 901, 903 (8th Cir. 2005).

The *Younger* doctrine instructs "federal courts to abstain from accepting jurisdiction in cases where granting [equitable relief] would interfere with pending state proceedings involving important state interests." *Brown v. Cosssett Polic Dep't*, No. 20-01048, 2020 WL 7365315, at *2 (W.D. Ark. Dec. 15, 2020) (quoting *Nights Clubs, Inc. v. City of Fort Smith*, 163 F.3d 475, 477 n.1 (8th Cir. 1998)). The *Younger* abstention is "based on a longstanding public policy against federal court interference with pending state judicial proceedings." *Ronwin v. Dunham*, 818 F.2d 675, 677 (8th Cir. 1987).

In his objections, Plaintiff requests this Court review the record *de novo*

and decline to stay this action under the *Younger* abstention because his claims "arise from completed Fourth Amendment events during a traffic stop and seizure of property, not from the criminal prosecution itself." (Doc. 9, pp. 2, 7).

Upon *de novo* review of the record and the filings Plaintiff submitted in response to the Report and Recommendation, the Court finds that the underlying state criminal case in this matter remains open in Crawford County. (*State v. Leroy Anderson*, 17CR-25-450). Plaintiff attempts to reassert the allegations of his Complaint in subsequent filings, but the Court finds no evidence to show that the underlying criminal matter has been closed. The Court notes the *Younger* abstention applies when the state case is ongoing.

Here, Plaintiff argues that "the claims asserted arise from completed Fourth Amendment events during a traffic stop and seizure of property" in an attempt to circumvent the *Younger* abstention. (Doc. 9, pp. 2, 7). However, because the judicial proceeding resulting from those events remains ongoing, this Court is required to abstain from interfering with the state court's proceedings. As such, the *Younger* abstention applies, and this case must be stayed and administratively terminated pending the resolution of Plaintiff's underlying state case.

## III. CONCLUSION

For the foregoing reasons, the Court **ADOPTS IN ITS ENTIRETY** the

Report and Recommendation (Doc. 7) and overrules Plaintiff's Objections (Docs. 8-10). Accordingly, Plaintiff's case is **STAYED AND ADMINISTRATIVELY TERMINATED** pending resolution of the underlying state case**.**

**IT IS SO ORDERED** this 28th day of September 2026.

*/s/ David Clay Fowlkes*
DAVID CLAY FOWLKES
UNITED STATES DISTRICT JUDGE